ANTHONY ALEXIS, DC Bar #384545
(Phone: 202-435-7999)
(Email: anthony.alexis@cfpb.gov)
JEFFREY PAUL EHRLICH, FL Bar #51561
(Phone: 202-435-7598)
(Email: jeff.ehrlich@cfpb.gov)
NATALIE R.WILLIAMS, NY Bar #2422590
(Phone: 212-328-7017)
(Email: natalie.williams@cfpb.gov)
THOMAS G. WARD, IL Bar #6291011
(Phone: 312-610-8966)
(Email: thomas.ward@cfpb.gov)
LAWRENCE D. BROWN, TX Bar #24040586
(Phone: 202-435-7116)
(Email: lawrence.brown@cfpb.gov)
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Fax: (202) 435-7722

Attorneys for Plaintiff
Consumer Financial Protection Bureau

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RPM Mortgage, Inc. and Erwin Robert Hirt, individually,<br><br>　　　　Defendants. | Case No. 4:15-cv-02475<br><br>**JOINT REQUEST FOR ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER** |

　　　Plaintiff Consumer Financial Protection Bureau and Defendants RPM Mortgage, Inc. and Erwin Robert Hirt respectfully jointly request that this Court approve and enter the attached Stipulated Final Judgment and Order.

1

| | |
|---|---|
| Dated: June 4, 2015 | FOR CONSUMER FINANCIAL PROTECTION BUREAU: |
| | |
| | Anthony Alexis |
| | *Acting Enforcement Director* |
| | Jeffrey Paul Ehrlich |
| | *Deputy Enforcement Director* |
| | Natalie R. Williams |
| | *Assistant Litigation Deputy* |
| | |
| | /s/ Thomas G. Ward |
| | Thomas G. Ward |
| | |
| | *Enforcement Attorney* |
| | Email: thomas.ward@cfpb.gov |
| | Phone: 312-610-8966 |
| | 1700 G Street NW |
| | Washington, DC 20552 |
| | Fax: (202) 435-7722 |
| | |
| | FOR RPM MORTGAGE, INC.: |
| | |
| | BuckleySandler LLP |
| | |
| | By: /s/ Benjamin K. Olson (e-signed with permission) |
| | Benjamin K. Olson (DC Bar # 477090) |
| | Caitlin M. Kasmar (VA Bar # 68298) |
| | Alex M. Dempsey (VA Bar # 83817) |
| | 1250 24th Street NW, Suite 700 |
| | Washington, DC 20037 |
| | Phone: 202-349-8000 |
| | |
| | FOR ERWIN ROBERT HIRT: |
| | |
| | Schertler & Onorato LLP |
| | |
| | By: /s/ David Schertler (e-signed with permission) |
| | David Schertler (DC Bar # 367203) |
| | Peggy Bennett (DC Bar # 487700) |
| | 575 7th Street, NW |
| | Suite 300 South |
| | Washington, DC 20004 |
| | Phone: 202-628-4199 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>RPM Mortgage, Inc. and Erwin Robert Hirt, individually,<br><br>Defendants. | Case No. 4:15-cv-02475<br><br>**STIPULATED FINAL JUDGMENT AND ORDER** |

The Consumer Financial Protection Bureau ("Bureau") commenced this civil action on June 4, 2015, to obtain injunctive and monetary relief from RPM Mortgage, Inc. ("RPM") and Erwin Robert Hirt (collectively, "Defendants"). The Complaint alleges violations of the Loan Originator Compensation Rule, 12 C.F.R. § 226.36(d)(1)(i)(2011) (recodified as 12 C.F.R. § 1026.36(d)(1)(i) (2011)), and § 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5536(a)(1)(A).

The parties, by and through respective counsel, agree to the entry of this Stipulated Final Judgment and Order ("Order").

**THEREFORE, it is ORDERED:**

### FINDINGS AND CONCLUSIONS

1.  This Court has jurisdiction over the parties and the subject matter of this action.

2.  The Bureau and Defendants agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date this Order is entered.

3. Defendants neither admit nor deny any allegations in the Complaint, except as specifically stated in this Order. For the purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

4. Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure, and waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party will bear its own costs and expenses, including without limitation attorneys' fees.

5. Entry of this Order is in the public interest.

## DEFINITIONS

The following definitions apply to this Order:

6. "**Affected Consumer**" means any person (i) who obtained a closed-end mortgage loan for personal, family, or household use through a Loan Originator, (ii) whose Loan Originator received a positive expense-account contribution from RPM associated with such mortgage loan between April 6, 2011 and the Effective Date, and (iii) whose Loan Originator received an **Expense Account Payment** from RPM between April 6, 2011 and the Effective Date.

7. "**Effective Date**" means the date on which this Order is entered on the docket.

8. "**Enforcement Director**" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his delegee.

9. "**Loan Originator**" means an employee of RPM who meets the definition of "loan originator" in the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and its implementing regulations.

10. **"Expense Account Payment"** means a debit from a Loan Originator's expense account that was associated with a bonus or supplemental commission payment to that originator from RPM or a price concession relating to mortgage loans closed by that originator, as described in the Complaint.

11. **"Related Consumer Action"** shall mean a private action by or on behalf of one or more consumers or an enforcement action by another governmental entity brought against any of the Defendants, or against any Loan Originator, by or on behalf of a consumer based on substantially the same facts alleged in the Complaint.

12. **"RPM"** means RPM Mortgage, Inc. and any successors or assigns.

## ORDER

**A.    Injunctive Relief**

13. **IT IS ORDERED** that Defendants and RPM's officers, agents, servants, employees, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, are permanently enjoined from paying compensation to a Loan Originator in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and its implementing regulations and § 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5536(a)(1)(A).

**B.    Monetary Relief**

14. **IT IS FURTHER ORDERED** that a judgment for equitable monetary relief is hereby entered in favor of the Bureau and against Defendants, jointly and severally, in the amount of $18,000,000.

15. Within 7 days of the Effective Date, Defendants must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, $2,000,000 in partial satisfaction of the judgment as ordered in Paragraph 14 of this Order.

16. Defendants must also pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, $16,000,000 in full

satisfaction of the judgment as ordered in Paragraph 14 of this Order no later than September 30, 2015.

17. Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or its agent, according to applicable statutes and regulations, to be used for redress for Affected Consumers, including but not limited to refund of moneys, restitution, damages, or other monetary relief, and for any attendant expenses for the administration of any such redress.

18. If the Bureau, in its sole discretion, determines that redress to Affected Consumers is wholly or partially impracticable or if funds remain after redress is completed, the Bureau may apply any remaining funds for other equitable relief (including consumer-information remedies) reasonably related to the violations alleged in the Complaint. Any funds not used for such equitable relief will be deposited in the United States Treasury as disgorgement. Defendants will have no right to challenge any actions that the Bureau or its representatives may take under this paragraph.

19. Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

**C.    Civil Money Penalties**

20. Based on the factors in § 1055(c)(3) of the CFPA, 12 U.S.C. § 5565(c)(3), a judgment for a civil money penalty is hereby entered in favor of the Bureau and against RPM in the amount of $1,000,000.

21. Based on the factors in § 1055(c)(3) of the CFPA, 12 U.S.C. § 5565(c)(3), a judgment for a civil money penalty is hereby entered in favor of the Bureau and against Erwin Robert Hirt in the amount of $1,000,000.

22. Within 7 days of the Effective Date, Defendants shall pay their respective penalties in the form of a wire transfer to the Bureau or to such agent as the Bureau may direct, and in accordance with wiring instructions to be provided by counsel for the Bureau.

23. The civil money penalties paid under this Order shall be deposited in the Civil Penalty Fund of the Bureau in accordance with § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

24. Defendants shall treat the civil money penalties as a penalties paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants shall not:

    a. claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any civil money penalty that Defendants pay under this Order; or

    b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil money penalty that Defendants pay under this Order.

**D. Other Monetary Provisions**

25. In the event of any default on Defendants' obligations to make payment under this Order (including any redress payment), interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

26. Defendants must relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law and no part of the funds may be returned to Defendants.

27. Under 31 U.S.C. § 7701, Defendants, unless they have already has done so, must furnish to the Bureau their social-security numbers or taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

28. Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action of which Defendants have actual knowledge, Defendants

5

shall notify the Bureau as described below in Section H (Notices) of the final judgment, consent order, or settlement in writing. That notification shall indicate the amount, if any, that Defendants or Loan Originators paid or are required to pay to consumers and describe the consumers or classes of consumers who will be paid, if any.

29. Hirt agrees that under § 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), the Bureau may obtain from any consumer-reporting agency a consumer report concerning him. The Bureau may use any such report to collect on and report any amount not paid as required by this Order.

E. **Reporting Requirements**

30. **IT IS FURTHER ORDERED** that for 5 years from the Effective Date, RPM must notify the Bureau of any of the following: a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against RPM; or a change in RPM's name or address. RPM must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

31. Within 7 days of the Effective Date, RPM shall designate at least one telephone number and an email, physical, and postal address as points of contact, which Bureau representatives may use to communicate with it.

32. For 3 years from the Effective Date, RPM shall report any change in the information required to be submitted under Paragraph 31 at least 30 days before such change; provided, however, that with respect to any proposed change about which RPM learns less than 30 days before the date such action is to take place, it shall notify the Bureau as soon as is practicable after obtaining such knowledge.

33. For 3 years from the Effective Date, Hirt shall notify the Bureau of: (a) any change in name, including aliases or fictitious names; (b) any change in residence, postal

address, email address, or telephone number; (c) any change in title or role in any business activity, including any business for which he perform services, whether as an employee, officer, or otherwise, and any entity in which he has any ownership interest, identifying for each its name, physical address, and Internet address; or (d) the filing of any bankruptcy petition or proceeding by or against him.

34. Within 7 days of the Effective Date, Hirt shall:

 a. identify a contact telephone number, email address, and home address;

 b. identify all titles and roles for all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and

 c. describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

35. For 3 years from the Effective Date, Hirt shall report any change in the information required to be submitted under Paragraph 34 at least 30 days before such change; provided, however, that with respect to any proposed change about which he learns less than 30 days before the date such action is to take place, he shall notify the Bureau as soon as is practicable after obtaining such knowledge.

F. **Order Distribution and Acknowledgement**

36. **IT IS FURTHER ORDERED** that within 7 days of the Effective Date, Defendants must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

37. Within 30 days of the Effective Date, RPM must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers, employees, service providers, any business entity that has common or overlapping

ownership with RPM, and other agents and representatives who have responsibilities related to the subject matter of this Order.

38. For 5 years from the Effective Date, RPM must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section E, any future board members and executive officers, as well as to any managers, employees, service providers, and other agents and representatives who will have responsibilities related to the subject matter of this Order before they assume their responsibilities.

39. RPM must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery from each of its board members, executive officers, and managers who received a copy of this Order under Paragraph 37, and from all persons receiving a copy of this Order under Paragraph 38. Additionally, within 40 days of the Effective Date, RPM must certify to the Bureau that it has complied with the requirements of Paragraph 37.

## G. Recordkeeping

40. **IT IS FURTHER ORDERED** that Defendants must create and retain for at least 5 years from the Effective Date all documents and records necessary to demonstrate full compliance with each provision of this Order, including documents detailing the amounts, dates, and components of all compensation paid to Loan Originators and how such compensation was calculated, and all other submissions to the Bureau.

41. Defendants must make the documents identified in Paragraph 40 available to the Bureau upon the Bureau's request.

## H. Notices

42. **IT IS FURTHER ORDERED** that unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or

other documents relating to this Order in writing, with the subject line, "*In re* RPM Mortgage, Inc. and Erwin Robert Hirt, File No. 2013-0962-02" and send them either:

    a.    By overnight courier (not the U.S. Postal Service), as follows:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTENTION: Office of Enforcement
> 1625 Eye Street, N.W.
> Washington D.C. 20006; or

    b.    By first class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTENTION: Office of Enforcement
> 1700 G Street, N.W.
> Washington D.C. 20552

## I.   Cooperation with the Bureau

43.   **IT IS FURTHER ORDERED** that Defendants must cooperate fully to help the Bureau determine the identity, location, and any and all other available information which the Bureau deems relevant concerning each Affected Consumer. Defendants must provide such information in their or their agents' possession or control within 30 days of receiving a written request from the Bureau.

44.   Defendants must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the Complaint. Defendants must provide truthful and complete information, records, evidence, and testimony. Defendants must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as the Bureau may reasonably designate, without the service of compulsory process.

### J. Compliance Monitoring

45. **IT IS FURTHER ORDERED** that, for purposes of monitoring Defendants' compliance with this Order, Defendants must submit, within 30 days of receipt of a written request from the Bureau, additional compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

46. For purposes of this Section, the Bureau may communicate directly with Defendants, unless Defendants retains counsel related to these communications.

47. Defendants must permit Bureau representatives to interview any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

48. Nothing in this Order limits the Bureau's lawful use of compulsory process under 12 U.S.C. § 5526 and 12 C.F.R. § 1080.6.

49. Defendants agrees to be subject to the Bureau's supervisory authority under 12 U.S.C. § 5514. Consistent with 12 C.F.R. § 1091.111, Defendants may not petition for termination of supervision under 12 C.F.R. § 1091.113.

### K. Release

50. The Bureau releases and discharges Defendants from all potential liability for law violations that the Bureau has or might have asserted based on the practices alleged in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. The Bureau may use the practices alleged in the Complaint in future enforcement actions against Defendants and its affiliates, including, without limitation, to establish a pattern or practice of violations or the continuation of a pattern or practice of violations or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau to determine and ensure compliance with the Order, or to seek penalties for any violations of the Order.

### L. Retention of Jurisdiction

40.     The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**.

DATED: JUNE 8, 2015



_____
United
Judge Maria-Elena James

11